## WHARTON COUNTY V. T. W. AHLDAG ET AL.

### No. 3331.

1. **County Treasurer not Entitled to Commissions on Scrip as on Disbursements.**—Under article 2403, Revised Statutes, the county treasurer is not entitled to commissions on county scrip turned over or delivered by him to the County Commissioners Court for cancellation, as on money disbursed.

2. **Money—County Scrip Received in Payment of Taxes.**—Article 4667 of the Revised Statutes provides, that county ad valorem taxes may be paid in the county or jury scrip. When so received commissions under article 2403 may be allowed as for money received. The scrip performs the functions of money.

3. **Case Adhered to.**—The State v. Moore, 57 Texas, 920, adhered to, that unless the statute expressly provides for fees by way of compensation for the particular service performed by an officer the courts have no power to fix a compensation for the services rendered.

4. **Disbursements.**—A disbursement involves the payment of money or its representative in some manner. There is no statute authorizing or contemplating a disbursement or payment by the treasurer to the County Commissioners Court of money or of scrip. The reporting of county scrip received in the treasurer's office for cancellation is not a disbursement.

5. **Omission in the Law as to Fees.**—The law allows no fees to the county treasurer for making the reports required by articles 975 and 996 of Revised Statutes, and the courts have no power to do so.

6. **County Scrip in Hands of County Treasurer.**—County scrip received for county taxes and in hands of the county treasurer and by him reported to the Commissioners Court, is simply a redeemed obligation of the county reported to be cancelled, and showing the court, in connection with the balance of the treasurer's report, the financial condition of the county.

APPEAL from Wharton. Tried below before Hon. W. H. BURKHART. The opinion states the case.

*John E. Linn*, for appellant.—1. A county treasurer is entitled to fees and commissions for the performance of those official acts for the performance of which the Legislature by its statutes has expressly allowed a fee or commission, and none other. Const., art. 16, sec. 44; Rev. Stats., art. 2403; The State v. Moore, 57 Texas, 321; Brackenridge v. The State, 27 Texas Ct. App., 513; Penal Code, art. 240; Rev. Stats., arts. 970, 972, 973, 974, 976, 994–1000.

2.   A county treasurer is entitled to commissions for paying out money, and then only when the payment is made in the manner provided by the law prescribing his duties and the method of performing them.   Rev. Stats., art. 966.

3.   County warrants or scrip is not money within the meaning of article 2403, Revised Statutes.   U. S. Const., art. 1, secs. 8, 10; Rev. Stats., art. 4667; Penal Code, art. 789.

4.   A county treasurer is not allowed commissions for the receipt and cancellation of county scrip, or for marking same cancelled upon his register, or for giving a receipt therefor.   Rev. Stats., arts. 966, 972, 973, 974, 976, 2403; Rev. Stats., title 42, chaps. 1–4.

*G. G. Kelley,* for appellees.—1.   Under a proper construction of article 2403, Revised Statutes, a county treasurer is entitled to the same commissions upon the scrip received from the tax collector and turned over to the Commissioners Court in his settlement with them as upon that amount of money received and disbursed by him.   The treasurer being made by law the custodian of all the money belonging to the county, and being required to pay out the same in a certain manner, his fees were prescribed solely with reference to these duties; therefore these vouchers in his hand were receipts for that amount of money, which it had been made his duty to receive and pay out, and in which he had a property right to the extent of his commissions; and the fact that he was prevented from performing these duties, through no fault of his, did not affect his right to this compensation.   The emoluments were incident to his title to the office which involved the performance of these duties, and in law he is presumed to have performed them.   Russell v. Farquhar, 55 Texas, 355; Beard v. City of Decatur, 64 Texas, 10; Bastrop County v. Hearn, 70 Texas, 563; Suth. on Stat. Con., secs. 410, 415, 416, 417, 419, 420, 423, 442, 157; Rex v. Whitely, 3 H. & N., 143; United States v. Morse, 3 Story, 87.

2.   Articles 994, 966, 988, 2403, and 4667 of the Revised Statutes should be considered in pari materia, and should be so construed as to harmonize the general purpose expressed in article 4667 with the special purpose of articles 966, 988, 994, and 2403, which pertain to a particular subject and affect a particular class; with a view that both purposes may be effectuated, the purpose of the general law carried out, and the special purpose expressed in the other articles accomplished, except in those particulars which can work no injury or injustice. Laughter v. Seela, 59 Texas, 177; Lovett v. Casey, 17 Texas, 594; Selman v. Wolfe, 27 Texas, 72; Austin v. Railway, 45 Texas, 234; Suth. on Stat. Con., secs. 152, 153, 157, 218, 287; McNeely v. Woodruff, 13 N. J. Law, 352, 356, 357; The State v. County Court, 41 Mo., 254.

3.   When the scope and intention of an act are ascertained by all the aids available, words whose ordinary acceptation are limited may

be expanded to harmonize with the act. Under this construction, the word "money," as used in article 2403, Revised Statutes, includes the scrip received by the treasurer from the tax collector and by him turned over to the Commissioners Court. Rev. Stats., arts. 4672, 4684; Paul v. Ball, 31 Texas, 10; Griffin v. Heard, Allen & Floore, 78 Texas, 611; Suth. on Stat. Con., secs. 417–423; Ragland v. The Justices, 10 Ga., 65–71; The State v. County Court, 41 Mo., 254.

HOBBY, Presiding Judge, *Section A.*—It appears from the record that this suit originated in a Justice Court of Wharton County. F. W. Ahldag, who was the county treasurer, and J. A. Saltman and George Quinan, who were the sureties on his bond as such officer, were sued by the county, on August 1, 1891, upon an account for $153.53, which sum it was claimed he wrongfully withheld from and refused to pay to the county, the same constituting a part of the county funds.

There was a judgment against the county in the Justice Court. On appeal to the District Court by the appellant, a like judgment was rendered by the judge, who tried the cause without a jury. From this judgment the county has prosecuted this appeal.

The appellee, who was defendant in the lower court, claimed that the money sued for he was entitled to as commissions at the rate of 2½ per cent on the sum of $6233.27, received by him in county scrip from the tax collector, and turned over by him to the Commissioners Court as money. There is no controversy as to the facts. The following is taken from the record:

"It is admitted, that said Ahldag as such treasurer did, between the 10th day of November, 1890, and the 10th day of August, 1891, receive from the tax collector of Wharton County its scrip to the amount of $6233.27, received by said tax collector in payment of taxes due on the tax rolls of said county for the year 1890, and for the handling of said scrip said treasurer in his account with said county has credited himself with and withheld from plaintiff, Wharton County, 2½ per cent as for receiving, and 2½ per cent for paying out that amount of money under article 2403, Revised Statutes."

The county judge testified, that the report of the treasurer contained a column for money and one for scrip received and paid out. His commissions were fixed by the Commissioners Court at 2½ per cent; that the report mentioned credited the treasurer with the commissions at that rate on the scrip received by him, which was allowed; but for commissions on the $6233.27 of county scrip "turned into the Commissioners Court for cancellation," which he credited himself as on scrip disbursed, the court rejected. This $153.53 is the amount retained by the treasurer, and which he claims he is entitled to as commissions.

The treasurer testified, that "the scrip turned over to him by the tax collector was taken in without regard to its registered number—in

other words, that it was often the case that the last scrip issued was the first cancelled; that by reason of such indiscriminate collecting of scrip by the tax collector it was impossible for him to cancel it in the order in which it had been registered.

The court below held, under these facts, that the treasurer was entitled to commissions on the scrip turned over to the Commissioners Court "as on money disbursed." The county has appealed from the judgment.

The question in this case is whether the county treasurer is entitled to commissions, under article 2403 of the Revised Statutes, on county scrip turned over or delivered by him to the County Commissioners Court for cancellation. Article 2403 of the Revised Statutes regulates the commissions to which he may be entitled and which are to be fixed by order of the Commissioners Court. It provides, that "For receiving and paying out moneys belonging to the school fund, not exceeding 1 per cent;" and for receiving and paying out any other moneys for the county, not exceeding 2½ per cent may be allowed.

Article 994 of the Revised Statutes provides, that he shall receive all moneys belonging to the county, from whatever source derived, and pay and apply the same as required by law, in such manner as the Commissioners Court may require and direct. It is made his duty, by article 996, to render a detailed report, at every regular term of the Commissioners Court, of all moneys received and disbursed by him, etc. Article 4667 provides, that county ad valorem taxes may be paid in county or jury scrip.

The propositions in support of appellee's argument are, substantially, that county scrip is included within the meaning of the term "money" as used in article 2403, and is recognized as such by article 4667, and that a proper construction of all of the articles cited authorizes the conclusion that the county treasurer is entitled to commissions on county scrip received by him and turned over in settlement to the Commissioners Court, as he would be upon that amount of money received and disbursed by him. Whatever compensation he may be entitled to as fees or commissions can only be under the authority of the statute, which provides, that it may be paid to him, by order of the court, for "receiving and paying out * * * moneys for the county at a rate not greater than 2½ per cent, when he has paid and applied the same, as required by law, under the direction of the County Court." Rev. Stats., arts. 994, 2403.

The effect of the decision in the case of The State v. Moore, 57 Texas, 320, is, we think, that unless the statute expressly provides fees by way of compensation for the particular service rendered by an officer, the courts have no power, without an express grant thereof, to fix a reasonable compensation for such services performed, as they would have in "actions between man and man for services rendered in the absence

of a contract fixing compensation." This power to fix compensation by providing for fees in such cases the Constitution has lodged in the Legislature alone, and a failure to exercise it gives no authority to the courts for its exercise. The State v. Moore, 57 Texas, 320.

It is clear, we think, that under the article cited (2403) he is entitled to commissions on county scrip made receivable for county taxes and coming to him from the hands of the collector of taxes, because this statute provides for commissions for "receiving moneys;" and under article 4667 this scrip performs the functions of money in paying certain county taxes. So, too, he would be entitled to commissions on any scrip or money paid out or applied by him as required by law and as directed by the court; because this article provides that he shall receive the same "for paying out money."

The evidence in this case shows, that he received from the collector $6233.27 in county scrip, for which he was allowed his commissions at the rate of 2½ per cent. But it appears from the testimony of the county judge, that the treasurer's report required to be made to the court showed the retention by him of $153.53, which he claimed as commissions on this scrip reported for cancellation.

It can not be held under any of the articles above cited, that the mere report of the treasurer, which he is required to make to the Commissioners Court, showing the amount of scrip received by him from the collector, and which is accompanied by the scrip, for cancellation, can be in any sense a disbursement of that scrip. A disbursement involves the payment of money or its representative in some manner. There is no statute authorizing or contemplating a disbursement or payment by the treasurer to the Commissioners Court of money or scrip.

When the scrip is received from the collector by the treasurer, and the latter has checked it off for cancellation and to be so reported to the Commissioners Court, it has performed all of its functions as money or a circulating medium, and is in the treasurer's hands as a bond or any other obligation of the county which may have been paid, and is reported to the court as such redeemed obligation for cancellation and destruction to prevent a possible subsequent use of it. A construction that would give the treasurer the commissions contended for in this case on the county scrip reported by him for cancellation, on the ground that the report, with scrip accompanying it, is the payment or delivery to the Commissioners Court of money or funds of any character, would, we think, entitle him to commissions on a bond or other similar obligation of the county which the county may have redeemed and cancelled.

If he had redeemed or paid a county bond, he would receive commissions on the amount paid out by him. But when he reported the fact to the court, and accompanied the report with the cancelled bond as evidence of such payment, he would not be entitled to commissions

on the amount set forth in the bond on the ground that the bond itself was delivered or turned over to the court as money or as funds of any kind.

The law allows no fees as compensation to the treasurer for making the reports required by articles 975 and 996 of the Revised Statutes, and the courts have no power to do so. We have seen that commissions can not be claimed, on the ground that county scrip reported for cancellation to the court can not be considered as a payment or disbursement of money, because the scrip is no longer money in any sense, and the treasurer does not under the law "disburse" or "pay over" money to that tribunal. It is not a voucher accompanying his report, evidencing the payment by him of money as required by law and under the direction of the court. It is simply a redeemed obligation of the county reported to be cancelled as a measure of prudence, and showing to the court, in connection with the balance of the treasurer's report, the financial status of the county. For this (making such report) the article cited (2403) does not allow him commissions, and the courts have no power to do that which the Legislature alone can do. If this results in requiring duties of the treasurer for which he receives no compensation, and is therefore a hardship, that department of the government will doubtless afford the proper relief.

We think the judgment should be reversed and the cause rendered for appellant.

*Reversed and rendered.*

Adopted March 15, 1892.