## W. S. GRAVES v. J. A. BULLEN.

Decided January 14, 1909.

**1.—Jurisdiction—Amount in Controversy—Pleading.**

A plea that plaintiff by mistake had stated his claim at an amount sufficient to give the court jurisdiction is insufficient. The issue can only be raised by plea that the amount was overstated fraudulently for the purpose of giving jurisdiction.

**2.—Fees of Office—Tax Collector.**

Commissions allowed as compensation to a public officer are incident to the office. A tax collector is entitled to such fees only on taxes collected while in possession of and exercising the duties of such position.

**3.—Same—Case Stated.**

A retiring tax collector made out and signed receipts for the taxes of various parties not yet paid. After the office was turned over to his successor he paid these taxes to the State and county and collected the amounts from and delivered the receipts to the several tax payers. In a suit against him by his successor for the commissions on these taxes, held, that the making out or delivery of the receipts in advance of payment did not bind the county; that as to the right to the commissions it was material at what time the taxes were paid, and an instruction to the contrary was properly refused; that defendant had intruded into and received the profits of plaintiff's office by such collections; and that he was liable to plaintiff for the commissions thereon.

**4.—Arbitration.**

It is questionable whether an issue as to the right to commissions as between a retiring tax collector and his successor could be submitted to arbitration, because against public policy as impairing the efficiency of public service,

but where the submission was by parol and its effect a question of fact, a verdict of the jury disregarding the arbitration will not be disturbed.

Appeal from the County Court of Hamilton County. Tried below before Hon. A. E. Scott.

*Dewey Langford,* for appellant.—When plaintiff's uncontradicted evidence shows that the amount sued for was below the jurisdictional sum of the court it is the duty of the court to dismiss the cause. Hoffman v. Cleburne Bldg. & Loan Assn., 85 Texas, 409; Roper v. Brady, 80 Texas, 588; McDaniel v. Cherry, 64 Texas, 178; Dwyer v. Bassett, 63 Texas, 276; Bonner v. Watson, 6 Texas, 172; Girardin v. Dean, 49 Texas, 243; King v. Watson, 2 App. C. C. (Wilson), sec. 285.

The arbitrators were not bound to find according to the law, which the court afterwards announced as the law of this cause. Moore v. Jones, 25 S. W., 987; Edrington v. League, 1 Texas, 64; Blankenship v. Adkins, 12 Texas, 536.

When an arbitration is pleaded as a matter of defense it is not necessary to show by a preponderance of the evidence that the terms and conditions of the agreement to arbitrate were the same in the minds of both parties, as the law encourages settlements of this kind and they are presumed to be valid until the contrary is shown. Gilbert v. Knight, 3 App. C. C. (Wilson), secs. 315, 316.

*A. R. Eidson* and *J. L. Lewis,* for appellee.—A tax collector has no legal right to pay the taxes of taxpayers, account to the State and county, therefor, and afterwards be reimbursed by the taxpayers requesting him to pay such taxes. State Nat. Bank of El Paso v. Fink, 86 Texas, 303; 4 American and English Annotated Cases, 423; 27 S. W., 723; 66 S. W., 472.

LEVY, ASSOCIATED JUSTICE.—Appellee was legally elected tax collector of Hamilton County, and duly qualified as such on November 16, 1906, succeeding the appellant in such office. Just before the time of retiring from the official position the appellant made out, signed and stamped as paid the tax receipts of a large number of taxpayers in the county listed on his official tax rolls. The taxes of these taxpayers were not at the time of making out the receipts in fact paid, nor had the taxes been tendered by any of them to the collector; but the purpose of the appellant was to advance the money and pay the taxes for these taxpayers to the State and county, holding the tax receipts as a personal claim against each of them for the tax money so advanced by him. At the time of the qualification of appellee as the tax collector these signed tax receipts had not been taken from the office nor delivered by appellant to the taxpayers, nor the taxes paid by the taxpayers named therein, nor had the appellant paid over the said taxes to the State and county. On November 23, after appellant retired from the office as such tax collector, he paid in full the amount of such taxes specified in the receipts due to Hamilton County, and in February following he paid in full the amount of the

taxes specified in the receipts due to the State. After retiring from the office the appellant proceeded to collect from the several taxpayers the amount due by them, and delivered to them the tax receipts so previously signed by him before retiring from the office. Appellee brought this suit to recover the legal commissions on the taxes so collected by appellant. The trial was before a jury, and they returned a verdict in favor of the appellee. Appellant has brought the case on appeal to have same revised for the errors assigned.

*After Stating the Facts.*—In the absence of an averment that the amount in controversy was fraudulently placed at such sum for the purpose of improperly giving jurisdiction to the court, there was no error in sustaining exceptions to the plea complained of in the first assignment. International & G. N. Ry. v. Nicholson, 61 Texas, 552; Dwyer v. Bassett, 63 Texas, 276. An averment that the plaintiff had mistakenly stated the amount sued for is not sufficient to reach a jurisdictional fact where the face of the petition does not so show. Although the evidence may show that the amount recoverable is below the jurisdiction of the court, yet if the amount in controversy as alleged was not fraudulently made for the purpose of improperly conferring jurisdiction the jurisdiction of the court would not be defeated. Hoffman v. Cleburne B. & L. Co., 85 Texas, 409.

The appellant complains of the refusal of the court to give the following special charge: "You are instructed that W. S. Graves while he was tax collector of Hamilton County, Texas, had the legal right at the request of any taxpayer to pay the taxes due the State and county, and the time when the said Graves received the money and actually delivered the tax receipt is immaterial." Under the facts shown in this case the court did not err in refusing the special charge. It is significant, in the circumstances, that the taxes indicated in the receipts made out by appellant and not delivered by him were not tendered or paid in by the taxpayers, and that appellant did not pay in the taxes for them, before he relinquished the office to the appellee. Under the law, as soon as appellee took the oath of office and qualified in pursuance of law he became legally and fully entitled to the office of tax collector. The commissions or fees provided by law were incident to and as clearly connected with the office as the rents of real estate or interest on securities. State ex rel. Jennet v. Owens, 63 Texas, 262; 2 Blackstone, 36. Unless appellant was entitled to the commissions in suit as having received and collected the taxes while in possession and exercising the duties of the position, he can not, as against appellee, legally claim such compensation. Where there are no relations to the office there can be no duties and no claim for services. It is a clear principle of law that an officer's compensation ends when his term of office ends, whether that event occur by expiration of time, or death, or resignation, or abolishment of the office by law. Throop on Pub. Officers, sec. 474; Jones v. Shaw, 15 Texas, 577. This rule is applicable in a suit of this nature as in a claim by the officer against the State or county. The claim of appellant is therefore made dependent in the case on the fact that he personally and voluntarily assumed to pay the taxes of the various designated.

taxpayers and to afterwards be reimbursed by them, and to that end had made out and signed but not delivered their several tax receipts. Such voluntary act and doing in the circumstances on the part of appellant was done with the design of afterwards being able to collect and receive the commissions in suit. Appellant can not, in the case, assume the position that he was an agent of the State and county. A person might as well charge a commission on rents collected of tenants without authority and over protest from the landlord as to say that appellant was acting in his legal right as against the appellee. A tax collector has not the legal authority to agree with a taxpayer to substitute his responsibility for that of the taxpayer. Public officers can not bind the State or county beyond their actual authority. Orange Co. v. Texas & N. O. Ry., 35 Texas Civ. App., 361. Though tax receipts are made out and even delivered to the individuals, yet if the taxes indicated in such receipts are not actually paid the right of the county to recover for such taxes exists. Ward v. Marion Co., 26 Texas Civ. App., 361. Where taxes are paid for another at his instance and request, an action does not lie for the recovery of the money until the actual payment of the taxes, and limitation does not commence to run until the payment is made. Rhodes v. Negley (Ky.), 84 S. W., 1144. In the light of the law it was material as to when the payment of the taxes was made. It must be ruled, therefore, in this case, that appellant has intruded into appellee's office without right and has received the profits of the office, and like a person entering into the land of another with a defective title, he must answer for the profits.

The objections made to the charge of the court are overruled. In the case, for the reasons given, it would not have been error for the court to have given a peremptory instruction to the jury on the question involved, and he should have done so.

The agreement between the parties to submit to arbitration, and the effect intended to be given by them to the award, lay in parol and particularly became in this case a question of fact. The evidence being conflicting, the finding of the jury will not be disturbed. The court did not err in the charge in this respect. It is questionable in this case if the matter was legally subject to arbitration, because against public policy as impairing efficiency of public service. A tax collector, and other like officers, is elected as and should undertake solely to be the representative of the State and county and not assume obligations incompatible with the duties of the office.

The case was ordered affirmed.

*Affirmed.*