KNIGHT et al. v. HARPER et al.   (No. 1836.)

(Court of Civil Appeals of Texas.   El Paso.
Dec. 24, 1925.   Rehearing Denied ,
Jan. 21, 1926.)

1. Taxation ⊜➾549(5)—Collector may not deduct commissions until approval of reports of collections by proper authorities.

Under Complete Tex. St. 1920, or Vernon's Ann. Civ. St. Supp. 1918, arts. 2444, 7610b, 7618, and Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914, art. 7619, tax collector's commissions may not be deducted by him nor paid ·him by depository until his reports of state and county tax collections have been approved by proper authorities.

2. Taxation ⊜➾549(5)—Tax collector entitled to retain as commissions on collections for last month of term only one-twelfth of maximum allowed for fiscal year of which such month was first.

Under Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914, art. 3896, county tax collector who served until January 1, 1923, when his successor qualified, was entitled to retain, as commissions on collections for December, 1922, only one-twelfth of maximum amount allowed him by articles 3881 and 3889 for fiscal year beginning December 1st.

3. Officers ⊜➾94—Fee of office must be expressly provided for by law.

For public officer to successfully assert right to fee of office, it must have been expressly provided for and declared by law.

4. Officers ⊜➾94—Incoming public officer not entitled to fees accruing before incumbency and collected by predecessor.

Incoming public officer may not claim fees accruing before his incumbency and collected by his predecessor for services rendered by latter.

5. Taxation ⊜➾570(6)—Award of balance due from tax collector to county not warranted by state's voluntary elimination as party plaintiff.

That state was voluntarily eliminated in amended petition as party plaintiff, in action on tax collector's bond for excessive commissions retained, would not warrant award of balance due to county, if state is entitled to any part of it.

6. Taxation ⊜➾549(5)—Commissions retained over amount allowed to tax collector belong to county.

Commissions retained by tax collector over amount allowed him by statutes belong to county under Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914, art. 3889.

7. Taxation ⊜➾545—Right to commissions on tax collections not affected by subsequent legislation.

Rights of tax collector and county to commissions on collections for December, 1922, under Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914, arts. 3881, 3889, 3896, are not affected by Acts 38th Leg. (1923), c. 107, amending article 3896, so as to make fiscal year begin on January 1st, instead of December 1st, nor by Acts 38th Leg. (1923) c. 181.

8. Taxation ⊜➾568(4)—Surety on tax collector's bond held liable during period for which he held over after expiration of term.

Under Const. art. 16, § 17, surety on bond given pursuant to Complete Tex. St. 1920, or Vernon's Ann. Civ. St. Supp. 1918, arts. 7608, 7610, by tax collector elected in 1920 for two years, and qualifying on December 1, 1920, was liable thereon until January 1, 1923, when his successor qualified under Acts 37th Leg. (1921), c. 45 (Vernon's Ann. Civ. St. Supp. 1922, art. 3044a).

9. Constitutional law ⊜➾46(1)—Validity of act extending tax collector's term beyond constitutional limit not considered, where he availed himself thereof, and successor acquiesced.

Whether it was competent for Legislature to extend term of county tax collector beyond constitutional limit of two years by Acts 37th Leg. (1921) c. 45 (Vernon's Ann. Civ. St. Supp. 1922, art. 3044a), requiring his successor to qualify on January 1 following general election instead of as soon as possible thereafter, which was usually about November 30th, need not be considered, in action on retiring collector's bond for excessive commissions retained from December collections, where he availed himself of statute and his successor acquiesced therein.

Appeal from District Court, Presidio County; C. R. Sutton, Judge.

Action by O. A. Knight and another against George Harper and another. From the judgment below, plaintiffs appeal. Reversed and rendered. ·

Mead & Metcalfe and· J. C. Fuller, all of Marfa, for appellants.
Harper & Howard, of El Paso, for appellees.

HIGGINS, J.   This suit was brought by Knight and Presidio county against George Harper, former tax collector of said county, and the United States Guaranty & Fidelity Company, the surety upon Harper's official bond. The suit involves the commissions of the tax collector upon the collections made during the month of December, 1922. The money sued for was claimed primarily by Knight, with an alternative prayer for recovery by the county in the event it was held that Knight could not recover.

The facts are undisputed, and, briefly stated, as follows:

At the general election in 1920 Harper was elected tax collector of Presidio county, and qualified as such on December 1st of that year, with his codefendant as surety upon his official bonds. He served as such until January 1, 1923, upon which date Knight, who had been elected as his successor at the preceding election, qualified and assumed the duties of said office, and continued to hold

the same until December 31, 1924. During the month of December, 1922, Harper collected in taxes the sum of $13,248.33. From January 1, 1923, to November 30, 1923, Knight collected the sum of $30,077.07 on the 1922 tax rolls, and the further sum of $1,971.29 on the 1923 tax rolls. Harper retained as his commission on his said collections $1,180.-11. He had no deductible expenses. Knight's commissions on his collections were $1,349.-32; his deductible expenses were $621.90, leaving $727.42 as his net commission. Upon the basis of the 1920 census the tax collector of Presidio county under the Fee Bill was allowed a maximum compensation of $2,250, and one-fourth of the excess above that amount not to exceed $1,200.

This litigation arises out of the adoption of the Act of the Thirty-Seventh Legislature, c. 45 (Vernon's Ann. Civ. St. Supp. 1922, art. 3044a). Prior to the enactment of that law it had been the usual custom of county officers to qualify and assume the duties of their office as soon as possible after the general election in November; their qualification usually closely approximating the close of the fiscal year on November 30th. The act mentioned provided that county and precinct officers should qualify and assume the duties of their respective offices on the 1st day of January, following the general election, or as soon thereafter as possible.

Article 2444, Complete Texas Statutes 1920, relating to county depositories, makes it the duty of the tax collector to deposit all taxes collected by him in the county depository pending the preparation of his report of such collections and settlement thereon.

Article 7610b, relating to the collection of taxes reads:

"Provided that except as to compensation due such tax collector as shown by his approved reports, tax money deposited in county depositories shall be paid by such depositories only to treasurers entitled to receive the same, on checks drawn by such tax collector, in favor of such treasurer."

Article 7618 provides:

"At the end of each month the collector of taxes shall, on forms to be furnished by the comptroller of public accounts, make an itemized report under oath to the comptroller, showing each and every item of ad valorem, poll and occupation taxes collected by him during said month, accompanied by a summarized statement showing full disposition of all state taxes collected. Provided, however, that said itemized reports for the months of December and January of each year may not be made for twenty-five (25) days after the end of such months if same can not be completed by the end of such respective months.

"2. He shall present such report, together with the tax receipt stubs, to the county clerk, who shall, within two days, compare said report with said stubs, and if same agree in every particular as regards names, dates and amounts, he (the clerk) shall certify to its correctness. * * *

"3. The collector of taxes shall then immediately forward his reports so certified to the comptroller, and shall pay over to the state treasurer all moneys collected by him for the state during said month, excepting such amounts as he is allowed by law to pay in his county, reserving only his commissions on the total amount collected. * * *"

Article 7619 provides:

"The collector of taxes shall at the end of each month make like reports to the commissioners' court of all the collections made for the county, conforming as far as applicable and in like manner to the requirements as to the collection and report of taxes collected for the state. The county clerk shall likewise, within two days after the presentation of said report by the collector, examine said report and stubs, and certify to their correctness as regards names, dates and amounts; for which examination and certificate he shall be paid by the collector of taxes fifty cents each month, which amount shall be allowed to the collector by the commissioners' court.

"2. The clerk shall file said report intended for the commissioners' court, together with the tax receipt stubs, in his office for the next regular meeting of the commissioners' court.

"3. The collector of taxes shall immediately pay over to the county treasurer all taxes collected for the county during said month, after reserving his commissions for collecting the same, and take receipts therefor, and file with the county clerk."

[1] In the case of Austin v. Kiser, 277 S. W. 411, recently decided by this court, the foregoing statutory provisions were considered, and it was said:

"Under article 2444, it is the duty of the collector to deposit 'all taxes' collected, as soon as collected, in the depository pending the preparation of his report of such collections and settlement thereon which shall bear interest and are secured by the depository bond. This article negatives the idea that the collector may deduct his commission upon taxes as he collects the same and thereby invest the same with the character of private funds of his own. That article, together with articles 7610b, 7618, and 7619, plainly imply that his commissions may not be deducted by him nor paid to him by the depository until his reports of state and county tax collections have been approved by the proper authorities."

The case mentioned arose upon an entirely different state of facts and issues from that presented here, but the quoted portion of our opinion is here pertinent.

[2] When Harper's term of office expired on December 31, 1922, all taxes collected by him during that month belonged to the state and Presidio county, and in his settlement with the state and county authorities he was authorized to retain only the compensation for his services as tax collector during December the amount allowed by law. At that time the fiscal year had begun on December 1, 1922.

Article 3896 reads:

"A fiscal year, within the meaning of this chapter, shall begin on December 1 of each year; and each officer named in articles 3881 to 3886, and also the sheriff, shall file the reports and make the settlement required in this chapter on December 1 of each year. *Whenever such officer serves for a fractional part of a fiscal year, he shall nevertheless file his report and make a settlement for such part of a year as he serves, and shall be entitled to such proportional part of the maximum allowed as the time of his services bears to the entire year.* However, an incoming officer elected at the general election, who qualifies prior to December 1 next following, shall not be required to file any report or make any settlement before December 1 of the following year; but his report and settlement shall embrace the entire period dated from his qualification." (Italics ours.)

Under the italicized portion of this article Harper was clearly entitled to retain in his settlement for the December collections only one-twelfth of the maximum of the amount allowed by law for the then fiscal year. The maximum allowed in Presidio county to the tax collector is $3,450. Articles 3881 and 3889. One-twelfth of that amount is $287.50. The difference between the amount retained by him, $1,180.11; and $287.50, is $892.61. To whom does this balance belong? For the reason stated it does not belong to Harper.

[3] In order for a public officer to successfully assert a right to a fee of office it must have been expressly provided for and declared by law. State v. Moore, 57 Tex. 307; Wharton Co. v. Ahldag, 84 Tex. 12, 19 S. W. 291.

[4] We know of no statute which would authorize an incoming public officer to claim any part of fees accruing to the office prior to his incumbency, which were collected by his predecessor, prior to such incumbency, for services rendered by the predecessor. Nor do we know of any good reason why an incoming officer should be allowed any part of such fees.

"Where there are no relations to the office there can be no duties and no claim for services." Graves v. Bullen, 53 Tex. Civ. App. 261, 115 S. W. 1177.

We conclude that Knight has no claim to the balance of $892.61.

[5, 6] It, therefore, belongs to Presidio county, or said county and the state. It appears that the state was at one time a party plaintiff, but was voluntarily eliminated in an amended petition. This condition of the record, however, would not warrant awarding such balance to the county if the state was entitled to it, or a part thereof. However, as we view it, this balance was simply an excess in the December commissions over the amount Harper was entitled to retain, and, under article 3889 of the Fee Bill, belongs to the county.

[7] In the argument contained in their brief appellees seem to attach some importance to the act of 1923 (chapter 107, Acts 38th Leg.) amending article 3896, so as to make the fiscal year begin on January 1st. This latter act was not in force at the time the rights of the parties hereto accrued, and such subsequent legislation could not affect their rights. Nor do we see the pertinency of chapter 181 of the Thirty-Eighth Legislature enacted in 1923.

[8] The bond of the tax collector is conditioned "for the faithful performance of the duties of his office as collector of taxes for and during the full term for which he was elected or appointed." Articles 7608 and 7610.

The surety company makes the point that, since Harper was elected in 1920 for a term of two years, and qualified on December 1, 1920, it is not liable under its bond for the collections made in December, 1922. This is untenable, for the reason that Harper's "full term for which he was elected" did not expire until his successor had qualified. Section 17 of article 16, Constitution of Texas. See, also, 29 Cyc. 1457, where it is said:

"Sureties on official bonds are not discharged by the expiration of the term of their principal, where by law he is to hold over and no successor qualifies."

[9] We need not inquire whether it was competent for the Legislature, by chapter 45 of the Thirty-Seventh Legislature, to extend the term of Harper beyond the constitutional limit of two years, as it in effect did, because Harper availed himself of it and Knight acquiesced in it.

For the reasons stated the judgment of the lower court is reversed and here rendered as follows: That Knight take nothing; that Presidio county recover of Harper and the surety upon his official bond the sum of $892.61, and in favor of the surety, upon its cross-action against Harper, for like amount.

Reversed and rendered.