

# OFFICE OF

# THE ATTORNEY GENERAL

## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 31, 1947

Honorable R. Canon          Opinion No. V-11
County Auditor
Grayson County          Re:  Whether the County of
Sherman, Texas               Grayson can legally
                             approve payment of
                             claims allowed by or-
                             der of the Commission-
                             ers' Court for cleri-
                             cal expenses incurred
                             by a Tax Assessor-
                             Collector in making
                             his final monthly re-
                             port of collections
                             after his term of of-
                             fice has expired.

Dear Sir:

     Your request for an opinion concerning the above
subject matter has been duly received.  Permit us to
quote from your letter as follows:

          "Can the County Auditor legally ap-
     prove payment of claims allowed by order
     of the Commissioners' Court for clerical
     expense incurred by a Tax Assessor-Collect-
     or in making his final monthly report of
     collections after his term of office has
     expired?"

     It is apparent from your question that the problem
lies in the fact that the clerical expenses sought by
the outgoing Tax Assessor-Collector are to be incurred
after his term of office has expired.

     Article 3902, Revised Statutes, as amended, pro-
vides for the appointment of deputies, assistants or
clerks for county officers, including assessors and
collectors of taxes.  Section (b) of Article 3899, Re-
vised Statutes, as amended, provides that each county
officer who receives a salary as compensation for his
services shall be entitled and permitted to charge to
his county all reasonable expenses necessary in the
proper and legal conduct of his office.  These Articles
are applicable to the county offices of Grayson County.

Hon. R. Canon, page 2

This right to such expenses attaches because it is incident to, and a necessary part of the emoluments and remunerations of such office. However, it is well settled that such a right begins when the officer takes his oath of office and ends when the term of office ends, whether by expiration of time, death, resignation, or abolition of the office by law. Graves vs. Bullen (Civil Appeals) 115 S. W. 1177. This does not mean that one is not entitled to receive expenses for services rendered during the holding of an office even though paid after the term of the office is over; but it is clearly manifest that the expenses are incident to the title to the office and not to the mere performance of official duties. 34 Texas Juris. 513. As a consequence, before the outgoing Tax Assessor-Collector could recover in a claim for such expenses, he would have to show that the expenses were incurred during the holding of the office, a fact which he could not prove.

In the case of Tarrant County, et al, vs. Smith, 81 S. W. (2d) 537, error refused, Smith, after he had gone out of office as Sheriff, sought to have the county allow him the amount he had paid a former deputy to make up his final report to the county. The court disposed of his claim as follows:

"There was no authority vested in the sheriff to retain a deputy to make up, after the sheriff's term of office had expired, a final report and to pay that deputy a salary out of fees of office which otherwise would belong to Tarrant County. Discussion of the point is unnecessary."

The facts in the Smith case and those we are here considering are substantially the same. The fact that an ex-sheriff was the claimant in that case and an ex-assessor and collector of taxes is the claimant in this case is immaterial. The same rule of law applies to the legality of both claims.

In view of the foregoing, your question is answered in the negative.

## SUMMARY

The county auditor of Grayson County cannot legally approve payment of claims allowed by order of the Commissioners' Court for clerical expenses incurred by Tax Assessor-Collector in making his final monthly report of collections after his term of office has expired.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By    Charles E. Crenshaw
                    Assistant

CEC:rt

APPROVED:

ATTORNEY GENERAL

APPROVED OPINION COMMITTEE

By BWB, Chairman