### A. W. RAHT v. STATE OF TEXAS.

Decided December 7, 1907.

**Taxation—Cost of Suit—Statute Construed.**

Where one suit is brought for delinquent taxes upon four unimproved town lots owned by the same party, the assessor's, collector's, attorney's costs, etc., should be taxed on the basis of one lot, under the provisions of section 9, chapter 103 of the Acts of 1897.

Appeal from the District Court of Archer County. Tried below before Hon. A. H. Carrigan.

*W. G. Eustis,* for appellant.

*C. H. Henley,* County Attorney, and *W. E. Forgy,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought under section 9, chapter 103, of the Acts of 1897, to recover taxes assessed against four unimproved lots in the town of Archer City, all owned by appellant but separately assessed as the property of "unknown owner," for the years from 1891 to 1906 inclusive, and to recover costs as provided in said act, together with the foreclosure of lien on said lots. There is no controversy as to the amount of the tax, but it is claimed that the judgment for costs in the sum of seventy-one dollars was erroneous, in that the four unimproved lots should have been treated as one tract or lot of land, which would have reduced the costs to fifteen dollars and seventy-five cents. There is no controversy about the facts.

We agree with appellant that the following provision in section 9 of the act under which the suit was brought was applicable to the facts of this case, and that the court erred in not applying it, to wit: "Provided, that where two or more unimproved city or town lots belonging to the same person and situated in the same city or town, shall be included in the same suit and costs, except those of advertising, which shall be twenty-five cents for every ten lots, or any number less than ten, taxed against them collectively just as if they were one tract or lot." The cases cited and relied on by the appellee were not cases of town lots at all and therefore not authority for the judgment in question, since the proviso above quoted applies only to unimproved city or town lots. The fact that these lots had been separately assessed in the name of "unknown owner" can make no difference, since the proviso requires—all being included in the same suit—the costs to be taxed on the basis of their being one tract or lot. This is a statutory proceeding, and the right of the State to recover is limited by the terms of the Act itself, excluding the contention urged by the appellee that the officer making the assessments was entitled to a fee for each assessment, although all of the lots were included in one suit. If he has any such right it is not enforceable in this proceeding.

The judgment as to the costs will therefore be reversed and rendered for fifteen dollars and seventy-five cents and affirmed as to the taxes.

*Affirmed in part and rendered in part.*