TYPER & KNUDSON V. CHARLEY TOM ET AL.

Decided October 15, 1910.

**1.—Delinquent Taxes—Costs—Statute Construed.**

Under the provisions of article 5232i of Sayles' Civil Statutes, where a number of unimproved lots in the same city or town are owned by the same person, in proceedings to collect delinquent taxes, they should be grouped into one group and the costs taxed against them collectively, thus limiting each officer performing a service required by said statute, to one charge for the entire group.

**2.—Same—Payment Without Suit.**

In enacting article 5232i the Legislature intended in the matter of a reduction in the costs, to extend the same benefits to one who settled his delinquent taxes without the necessity of a suit to enforce their collection as were expressly given to one who paid said taxes after suit was actually instituted.

**3.—Same—Costs Illegally Collected—Pleading.**

In a suit to recover costs illegally collected by officers in a settlement for delinquent taxes, pleading considered and held not subject to exception on the grounds that neither the costs which plaintiff alleged were wrongfully collected, nor those which the officers had lawful authority to collect, were itemized; that the names of the officers for whom said costs were collected were not alleged; and that there was no allegation of the amount tendered by plaintiff to the collector, or that he tendered the amount legally due.

**4.—Trial—Sustaining Exception—Harmless Error.**

When a plaintiff is allowed to prove all the allegations of his petition notwithstanding the court sustained exceptions to portions thereof, sustaining the exceptions, if error at all, would be harmless error.

**5.—Illegal Costs—Payment—Proof.**

The payment of illegal costs in a settlement for delinquent taxes may be proved by parol. The tax receipts and tax records are not the best evidence.

**6.—Same—Comptroller's Certificate.**

A duly authenticated redemption certificate from the office of the State Comptroller is admissible in evidence for the purpose of proving the amount of costs paid in settlement of delinquent taxes, as against the objections that it was secondary evidence, and not shown to have been signed by the local tax collector, defendant in the suit; that the costs collected were not itemized in the certificate, and that the same were not specifically alleged in the petition.

**7.—Same—Tax Receipt Stubs.**

Official tax receipt stubs found in the office of a tax collector and which were prepared under his direction, are competent evidence for the purpose of

showing the amount of costs collected from the person to whom the receipt was given.

### 8.—Illegal Costs—Different Owners—Apportionment.

Where the unimproved lots in a town owned by one person were acquired by him in different groups from different persons, the costs for collecting delinquent taxes against any particular group of lots legally taxable against the former owner, should be assessed against that group alone.

Appeal from the District Court of Martin County. Tried below before Hon. James L. Shepherd.

*R. N. Grisham* and *T. F. Grisham,* for appellants.—It is the right of an owner of vacant unimproved town lots, separately assessed in the name of an unknown owner, to have said lots grouped into one group as if they were one tract and to have the cost taxed on the basis of the lots being one tract. Sayles' Stats., art. 5232h; Raht v. State, 106 S. W., 900.

When excessive costs are paid upon the demand of the collector of taxes and paid under protest, or not under protest, same are recoverable when involuntarily made; and when voluntarily made, when, under the law, the property is subjected to penalties if the same are not paid. City of Galveston v. Sydnor, 39 Texas, 236; Snediker v. Marshall, 25 Texas, 460; Baker v. Panola Co., 30 Texas, 87; Texas Land & Cattle Co., Ltd., v. Hemphill Co., 61 S. W., 333; Taylor v. Robinson, 72 Texas, 364; State of Minnesota, ex rel. Annie McCarty, Respt., v. Nelson, as County Treasurer of Ramsey County, Appt., 4 L. R. A., 300, and authorities there cited; Marcotte v. Allen, 91 Me., 74, 39 Atl., 346, 40 L. R. A., 185.

It is only necessary to aver the total amount of excess demanded, the dates of said demands, and for what purpose demanded, in order to put defendant on notice of the character of the action brought against him. He is estopped from setting up the illegality of costs that he has received in excess, and must take cognizance of his own acts. Mast v. Nacogdoches County, 9 S. W., 267; Webb Co. v. Gonzales, 69 Texas, 456.

If a collector demand and receive illegal costs, taxes, penalties, etc., it is not necessary to allege the kind of taxes, interest. penalties, and costs, that were due, nor is it necessary to make such proof. Webb County v. Gonzales, 6 S. W., 781; Mast v. Nacogdoches County, 9 S. W., 267.

The following questions are not leading: (1) "State whether or not you owned all the lots described in the Howe list, Lodwick list, William Brown list, Isma Troth list, of lots described in plaintiff's first amended original petition." (2) "State whether or not you paid any taxes on these lots." (3) "State, if you know, how much taxes you paid."

Payment of taxes may be shown by parol testimony, by check, by direct or circumstantial evidence. Watson v. Hopkins, 27 Texas, 637;

Deen v. Wills, 21 Texas, 647; Acklin v. Paschal, 48 Texas, 177; Ochoa v. Miller, 59 Texas, 462.

Parol testimony is admissible to prove payment of taxes without producing or accounting for the receipts, and a check duly paid through a bank is prima facie evidence of payment of debt. McDonough v. Jefferson Co., 79 Texas, 539; Bougher v. Conn (Pa.), 8 Cent. Rep., 166; Born v. First National Bank, 7 L. R. A., 442 and authorities there cited.

Redemption certificates from the Comptroller showing facts from the records of his office are admissible as original evidence of the matters contained in same, when said certificates are properly executed under his hand and seal of office. Sayles' Civil Statutes, arts. 2308, 2316; Holmes v. Coryell, 58 Texas, 680; Watson v. Hopkins, 27 Texas, 637; Ochoa v. Miller, 59 Texas, 460; Allen v. Woodson, 60 Texas, 651; Clegg v. Galveston, 1 App. Civ. Cases, sec. 60; McDonough v. Jefferson County, 79 Texas, 535.

The tax collector's stubs of tax receipts made by him or under his direction in due course of business whether signed by him or under his direction, or not signed at all, are original and *prima facie* evidence of the facts stated in same. Webb County v. Gonzales, 69 Texas, 455; Mast v. Nacogdoches County, 9 S. W., 267; 17 Cyc., p. 306, par. 5, (a) and (b), and authorities there cited; State of South Dakota v. Hall, 65 L. R. A., 151.

*Jno. B. Littler, A. L. Green* and *Jno. B. Howard,* for appellees.—In a suit of this nature the pleading should allege that the property was legally assessed and the taxes legally delinquent for certain years, specifying them, and specifying the officer was entitled, by law, to said fees by reason thereof; and should further allege what amount of fees, if any, were demanded and collected by such officer in addition to his legal fees. Jodan v. Brenham, 57 Texas, 657; Edmonson v. Galveston, 53 Texas, 161; State v. Baker, 49 Texas, 764.

It is the right of an owner of vacant, unimproved town lots, separately assessed in the name of an unknown owner, to have said lots grouped into one group as if they were one tract and to have the cost taxed on the basis of the lots being one tract, *provided* suit has been instituted for the taxes and costs and the enforcement of the tax lien. Rev. Stats., art. 5119; State v. Baker, 49 Texas, 763; Edmonson v. City of Galveston, 53 Texas, 157; Jodan v. City of Brenham, 57 Texas, 655; Clegg v. State, 42 Texas, 605; McCombs v. City of Rockport, 37 S. W., 988; Watkins v. State, 61 S. W., 532.

DUNKLIN, ASSOCIATE JUSTICE.—J. L. Typer and Jacob Knudson, composing the partnership firm of Typer & Knudson, sued Charley Tom, tax collector of Martin County, to recover eight hundred and forty-eight dollars and fifty cents, which plaintiffs alleged Tom had wrongfully collected of them as costs on certain unimproved lots situated in the town

of Stanton and owned by the plaintiffs. At the instance of defendant Charley Tom, Paul Konz, county clerk of Martin County, was made a party defendant upon the allegation that Tom paid over to Konz a portion of the costs collected, and Tom prayed for judgment over against Konz in the event of a recovery by plaintiffs. From a judgment in favor of defendants plaintiffs have appealed.

According to the allegations in the petition, no taxes had been paid on the lots for several years immediately preceding the year 1907, and during the latter year plaintiffs were by the collector required to pay eight hundred and seventy-five dollars and eighty cents as costs by reason of such delinquencies. It was further alleged that the lots had never been sold under judgment nor otherwise for said delinquent taxes, interest, penalties and costs, and that no suit had been instituted by the State or county to recover the same. The contention presented in the petition was that the only costs that could have been lawfully demanded by the collector under the circumstances already mentioned were the fees allowed the tax collector and the county clerk by Sayles' Civil Statutes, article 5232i, which reads:

"The county attorney, or district attorney in counties where there is no county attorney, shall represent the State and county in all suits against delinquent taxpayers that are provided for in this chapter, and all sums collected shall be paid immediately to the county collector.

"In no case shall the compensation for said county attorney be greater than three dollars for the first tract in one suit, and one dollar for each additional tract, if more than one tract is embraced in same suit to recover taxes, interest, penalty, and costs; provided, that those county attorneys who may have heretofore or may hereafter institute said suits shall be entitled to an equal division with their successor in office of the fees allowed herein on all suits instituted by them where the judgment had not been obtained prior to the vacation of their office. The collector of taxes, for preparing the delinquent list and separating the property previously sold to the State from that reported to be sold as delinquent for the preceding year, and certifying the same to the Commissioners' Court, shall be entitled to a fee of one dollar for each correct assessment of the land to be sold, said fee to be taxed as costs against the delinquent. The sheriff shall be entitled to a fee of one dollar for selling and making deed thereto to each purchaser of land that he sells under judgment for taxes, which fee shall be taxed as costs of suit; and the district clerk shall be entitled to a fee of one dollar and fifty cents in each case, to be taxed as costs of suit. And the county clerk, for making out and recording the data of each delinquent assessment, and for certifying the same to the Commissioners' Court for correction, and for noting the same in the minutes of the Commissioners' Court, and for certifying the same with corrections to the Comptroller, and noting the same on his delinquent tax record, shall receive the sum of one dollar, to be taxed as costs against the land in each suit; provided, that in no case shall the State or county be liable for such fees, but in each

case they shall be taxed as costs against the land to be sold under judgment for taxes and paid out of the proceeds of sale of same after the taxes, penalty, and interest due thereon to the State are paid; provided, that where two or more unimproved city or town lots belonging to the same person and situated in the same city or town shall all be included in the same suit and costs, except those of advertising, which shall be twenty-five cents for every ten lots or any number less than ten, taxed against them collectively just as if they were one tract or lot; and, provided further, that where suits have been brought by the State against delinquents to recover tax due by them to the State and county, the said delinquent may pay the amount of the tax, interest, penalties, and all accrued costs to the county collector during the pendency of such suit, and the county attorney shall receive as compensation therefor two dollars for the first tract and one dollar for each additional tract embraced in said suit; and the district clerk shall receive only one dollar, and the sheriff only one dollar in each case; but these fees shall be in lieu of the fees provided for such officers where suits are brought as hereinbefore provided."

The amount of costs paid by plaintiffs on each of the lots were specifically alleged and, according to the allegations, twenty-seven dollars and thirty cents was the highest amount charged against any one lot. The contention was made that as all the lots were owned by the plaintiffs and were all unimproved and situated in the same town, they should have been grouped into one group and the costs taxed against them collectively, thus limiting each officer performing a service mentioned in the statute above quoted, to one charge for the entire group, which in no event could be a greater sum than twenty-seven dollars and thirty cents.

Appellees insist that the provision of the statute made the basis of the contention just noted, by its terms has application when a suit has been instituted to collect the delinquent taxes, but has no application when such taxes are paid without a suit, and that the construction invoked by appellants would be unreasonable in that its effect would be to impose upon the tax collector the duty to examine the deed records, or else procure abstracts of all titles to real estate in order to determine the names of the owners thereof.

We have been cited to no statute, and have found none, other than the statute above quoted, which allows the fees enumerated in that statute. To hold that a delinquent taxpayer would be required to pay a greater sum as costs if he pays delinquent taxes without a suit than he would be required to pay if suit should be instituted, would be to place a premium upon a further delay in such payments. This would be contrary to sound public policy and an unjust discrimination against the diligent taxpayer in favor of one who refuses to pay unless forced to do so by the courts. In enacting that statute we think the Legislature intended to extend the same benefits to one who settled his delinquent

taxes without the necessity of a suit to enforce their collection as were expressly given to a defendant in a suit to collect the same.

Several exceptions to plaintiffs' petition were sustained and upon these rulings of the trial court appellants have assigned error. These exceptions were that neither the costs which plaintiffs alleged were wrongfully collected, nor those the defendants had lawful authority to collect, were itemized; that the names of officers, other than the tax collector, for whom costs were collected were not alleged, and that there was no allegation of the amount tendered by plaintiffs to the tax collector or that they tendered the amount legally due. Notwithstanding the plaintiff's failure to amend after the exceptions were sustained, the suit was not dismissed, but heard and determined on its merits, and it does not seem that plaintiffs were denied the privilege of proving their cause of action by reason of lack of proper pleadings. However, in view of another trial we deem it proper to say that we think the court erred in sustaining the special exceptions noted above. Plaintiffs alleged that twenty-seven dollars and thirty cents was the highest sum collected on any one lot, offered to allow defendants a credit for that amount, and alleged that the lots were all owned by them, and that they were unimproved lots, and all situated in the town of Stanton. Further, the total sum paid the collector was alleged, and the difference between that sum and twenty-seven dollars and thirty cents, the highest sum collected on any one lot, was the amount sued for. No claim was made of any illegality in the costs collected except upon the theory that but one charge should have been made by each officer performing services enumerated in the statute quoted for all the lots collectively.

Upon the trial plaintiffs proposed to prove by parol testimony how much costs they paid to the collector. Numerous objections were urged to such proof by the defendants and sustained by the court, some of which were that the questions were leading, others that the tax receipts and tax records were the best evidence. These rulings were erroneous. McDonough v. Jefferson Co., 79 Texas, 535.

Plaintiffs also offered in evidence redemption certificates from the office of the Comptroller of the State duly authenticated, purporting to show the amount of costs paid on the lots, but the evidence was excluded on the objection that they were secondary evidence and not shown to have been signed by defendant Tom; that the costs collected shown in the certificate were not itemized and because not specifically alleged in the petition. This evidence should have been admitted. Sayles' Civil Statutes, articles 2308 and 2316; Holmes v. Coryell, 58 Texas, 680.

We are of opinion further that the court erred in excluding the official stubs of tax receipts found in defendant Tom's office, which were prepared under his supervision, showing the amount of costs collected by Tom on the property in controversy. Webb County v. Gonzales, 69 Texas, 455.

The lots owned by plaintiffs at the time of payment of costs consisted of four groups which had been purchased from four different individuals.

If it be shown upon another trial that any costs collected against any group of lots were legally taxable against the former owner, then as to such costs the rule for taxing the costs against all the lots collectively as fixed by the statute above quoted, would apply to that group. This theory of right to recover was presented in plaintiffs' alternative plea.

For the errors indicated the judgment of the trial court is reversed and the cause remanded for another trial.

*Reversed and remanded.*