HOUSTON OIL CO. OF TEXAS v. STATE.

(Court of Civil Appeals of Texas. Galveston. Nov. 22, 1911. Rehearing Denied Dec. 21, 1911.)

1. TAXATION (§ 549*)—DELINQUENT TAXES—COMPENSATION OF OFFICERS.

Under Sayles' Ann. Civ. St. 1897, art. 5232i, entitling county collectors of taxes to $1 for each correct assessment of land to be sold, for preparing the delinquent list, etc., and allowing county clerks the same fee for making out and recording the data for each delinquent assessment, such officers are entitled to a fee for each tract assessed, though the delinquent taxpayer has listed several tracts in one rendition.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1043–1050; Dec. Dig. § 549;* Counties, Cent. Dig. § 107.]

2. TAXATION (§ 549*)—DELINQUENT TAX LIST—FEES—RIGHT TO.

Under Sayles' Ann. Civ. St. 1897, art. 5232j, requiring county collectors and county clerks to prepare delinquent tax lists, etc., without any request by the commissioners' court, their right to the fees for such service, prescribed by article 5232i, does not depend upon their having been called upon by that court to perform the services for which they claim compensation.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1043–1050; Dec. Dig. § 549;* Counties, Cent. Dig. § 107.]

Appeal from District Court, Jasper County; W. B. Powell, Judge.

Action by the State against the Houston Oil Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

H. O. Head and Wear, Orgain & Butler, for appellant. W. W. Blake, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against the appellant to recover the sum of $17,384.37, alleged to be due by appellant for taxes, interest, penalties, and costs accrued upon 397 tracts of land belonging to appellant in Jasper county.

After the filing of the suit, appellant paid to the treasurer of Jasper county the amount of said taxes, interest, penalties, and costs except the sum of $397, costs, claimed to be due the county collector, and a like sum claimed to be due the county clerk. As to these two amounts, aggregating the sum of $794, appellant denied liability. The cause was tried by the court, without a jury, and judgment rendered in favor of plaintiff for the full amount claimed. The trial judge filed the following conclusions of fact, the correctness of which is not questioned by either party:

"On request of counsel for defendant in this suit, I make and file the following conclusions of fact and law:

The defendant, Houston Oil Company of Texas, was the owner, on January 1, 1909, and now is, of the land described in plaintiff's petition. The land (397 tracts) was duly rendered to the assessor of taxes for Jasper county for the year 1909 by one rendition or list describing it by the name of the owner, the abstract number, the number of the survey, the name of the original grantee, and the certificate and the number of acres and value of the lands, each tract valued separately.

"I find that the amount of taxes, interest, penalties, and costs due on the land amounts to $17,384.37, which includes the costs claimed by the collector and county clerk, amounting to the sum of $794, which is the amount in controversy in this suit at the time of trial.

"I find that by an agreement between plaintiff and defendant that the defendant paid into the treasury of Jasper county an amount sufficient to cover the taxes, interest, and penalties, and all the costs, except the costs due the collector and county clerk, amounting to the said sum of $794, which was placed in the bank in escrow to await the trial of the issue as to these costs; the

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

cause remaining on the docket for this purpose.

"The tax collector of Jasper county made a list according to law of all lands delinquent for the taxes for the year 1909, which included the lands described in plaintiff's petition, that a correct copy of said list, as applicable to the said assessment, is attached to plaintiff's petition, marked 'Exhibit A,' and that said list was duly filed with the county clerk of Jasper county, and the same was duly published for the time and in the manner required by law, and that said list was made out in triplicate, and the same was duly entered by the clerk in the delinquent tax record, as required by law. It is conceded by both parties that the collector and county clerk performed all the duties required of them by the law."

[1] The only question presented by this appeal is whether, in a suit for delinquent taxes, the county collector and county clerk are entitled to $1 as costs for each tract of land assessed by the delinquent taxpayer, when all of said tracts of land are included in one rendition.

Under appropriate assignments of error, the appellant presents the following proposition: "There being but one assessment of the property described in the petition with reference to which its owner is alleged to have been delinquent, the tax collector and county clerk were each entitled to only $1 as costs."

Article 5232i of Sayles' Annotated Civil Statutes, which fixes the fees that county officers are entitled to receive for their services in the collection of delinquent taxes, contains the following provisions: "The collector of taxes, for preparing the delinquent list and separating the property previously sold to the state from that reported to be sold as delinquent for the preceding year, and certifying the same to the commissioners' court, shall be entitled to a fee of one dollar for each correct assessment of the land to be sold, said fee to be taxed as costs against the delinquent. * * * And the county clerk, for making out and recording the data for each delinquent assessment, and certifying the same to the commissioners' court for correction, and for noting the same in the minutes of the commissioners' court, and for certifying the same, with corrections, to the Comptroller, and noting the same on his delinquent tax record, shall receive the sum of one dollar, to be taxed as costs against the land in each suit."

The only difficulty in construing this article of the statute is in determining the meaning of the terms "each correct assessment" and "each delinquent assessment." The collector is entitled to $1 for the services required of him in connection with "each correct assessment," and the county clerk $1 for his services in connection with "each delinquent assessment." Each tract of land owned by a taxpayer is described, valued, and assessed separately by the assessor, and we do not think the listing and rendition by the taxpayer of all of his property at one time, where he owns several tracts of land, makes the several assessments of the different tracts of land owned by him one assessment, in the purview of this statute. The services required of the county collector and county clerk in the collection of delinquent taxes are important, and it is essential to the validity of tax sales that the work should be accurately performed. The mere clerical work of making the entries or records required may not consume much time, but when the responsibilities of the officers, in the ascertainment of the facts from which the lists and records are prepared, and in correctly preparing and certifying to these lists and records, are considered, it cannot be said that a fee of $1 for such services, in connection with each tract of land assessed, is an unreasonable allowance therefor. Whether or not such fee would be reasonable or unreasonable would not affect the question, if there was no uncertainty in the language of the statute; but the reasonableness of the construction sought to be placed upon a statute may always be considered, when the language of the statute is susceptible of more than one construction. While the aggregate fees allowed the officers in this case appear large, this is only because it is taxed against the property of one taxpayer, the owner of a large number of tracts of land, each of which, as before said, was required to be separately assessed, though rendered at the same time. If there had been a different owner for each tract of land, the responsibilities of the officers in preparing and certifying the records would have been the same, and their labor but little more, and their compensation, while the same, would have appeared much smaller.

We do not think the trial court erred in holding that the officers named were entitled to receive $1 for each tract of land assessed. This was the holding of the Court of Appeals for the Second District, in the case of State of Texas v. Henry J. Scott. The case is not reported; but from a certified copy of the conclusions of fact and law filed by the trial court in that case, and which were adopted by the Court of Appeals, it appears that the only question involved on that appeal was the right of the county collector and county clerk to a fee of $1 for each of 105 tracts of land which the owner had listed and rendered for taxes at the same time, and thereafter became delinquent in the payment of taxes assessed against the property. The trial court held that the collector was entitled to a fee of $1 for each of said tracts, but that the county clerk was not entitled to such fee, because he had failed to perform the services, in connection with the collection of the taxes on said land, required of him by the

statute. The copy of the record of this appeal, which appears in appellee's brief, shows that this conclusion of the trial court was adopted by the Court of Appeals, in an opinion by Mr. Justice Hunter, and that an application for writ of error was refused by the Supreme Court. No question is made by the appellant of the right of the county clerk to the same fees allowed the collector, when both officers perform the services required of them by the statute. This is decided in the case of State v. Wolfe, 51 S. W. 658.

The article of the statute, before cited, contains the further provision: "That where two or more unimproved city or town lots belonging to the same person and situated in the same city or town shall all be included in the same suit and costs, except those of advertising, which shall be twenty-five cents for every ten lots, or any number less than ten, taxed against them collectively just as if they were one tract or lot." Like many of the other provisions of the act of 1897 (Acts 25th Leg. c. 103), from which this article of the statute is taken, the language of this provision, if construed literally, is unintelligible; but we think it can properly be construed as directing that, when two or more unimproved city or town lots belonging to the same person, and situated in the same city or town, are included in the same suit, the costs, except the costs of advertising, shall be taxed against them as one lot. This is the construction given it in the case of Raht v. State, 48 Tex. Civ. App. 106, 106 S. W. 900, in which it is held that, where four unimproved lots in the town of Archer City, all owned by appellant, Raht, were separately assessed as the property of an unknown owner, the officers were only entitled to recover for one assessment, because the statute required that the costs should be taxed just as if the lots were one piece of property.

If the contention of appellant in this case is sound, the provision of the statute above quoted was entirely unnecessary, because in no event would the officers, other than the attorney representing the state, whose fees are expressly fixed with reference to the number of tracts of land involved in the suit, receive fees for more than one assessment, it matters not how many tracts of land belonging to one owner and listed on one rendition were assessed. We think that the fact that the Legislature deemed it necessary to provide that only one fee could be charged, where the property assessed consisted of several unimproved city or town lots, shows that in the preceding provisions of the article fixing the fees of the officers they intended that the officers named should be paid for each tract of land assessed.

[2] Appellant further contends that the judgment of the trial court should be reversed, because there is no evidence in the record to show that the tax collector and county clerk were called upon by the commissioners' court to perform the services for which they claim compensation, and, in the absence of such evidence, said officers are not entitled to receive compensation for their services. There is no merit in this contention. The statute (article 5232j) makes it the duty of the collector and county clerk to prepare the lists and make the records for which the fees claimed in this suit are allowed, without any request on the part of the commissioners' court.

None of the assignments presented by appellant can be sustained, and it follows that the judgment of the court below must be affirmed.

Affirmed.