## SLATER v. STATE. (No. 2243.)

Court of Civil Appeals of Texas. El Paso. Feb. 28, 1929.

Rehearing Denied March 16, 1929.

Karl A. Crowley, of Fort Worth, and Hart Johnson, of Ft. Stockton, for appellant.

W. C. Jackson, of Ft. Stockton, for the State.

WALTHALL, J. This suit was brought by the state of Texas, by the Honorable W. C. Jackson, in his official capacity as county attorney of Pecos county, Tex., against Quinby Oil Company, a Texas corporation, Olney A. Slater, and all persons owning and claiming to own an interest in and to the lands described, and as to all parties not named and having an interest in the said lands they are described as unknown, and after due diligence and inquiry their names and places of residence could not be ascertained.

The suit was filed on July 10, 1928, for the collection of taxes delinquent in payment, for the year 1927, and for penalties, interest, and costs, and to foreclose the state's lien on the said lands in payment thereof.

Quinby Oil Company did not answer, and judgment by default was rendered against it. Olney A. Slater appeared and filed answer. The attorneys for the state and Slater filed an agreed statement of facts proven on the trial. The agreed statement was signed by the parties, and by the court examined, found to be correct, approved, and ordered filed as a part of the record in the case. The case was submitted to and tried by the court on the agreed statement.

The agreed statement, so far as it is necessary to state it, in view of the issue presented, reads as follows:

"That all the lots and lands owned by the defendant Olney A. Slater are unimproved. The lands owned by the defendant, Olney A. Slater consist of tracts lying within the following surveys and additions to the town of Fort Stockton: James Lamb survey; Mrs. N. U. Reisenhoover; Survey No. 14, T. & St. L. Ry. Co.; Survey 318 S. A. & M. G. Ry. Co., which are original surveys; Survey 7, Block 1, Ft. St. Irr. L. Co., which survey 7 was divided into tracts of ten (10) acres each, each tract being surveyed and marked on the ground and plat filed of record in Pecos County, Texas; Rule Addition to the town of Fort Stockton; Old Fort Addition to the town of Fort Stockton; Orient Addition to the town of Fort Stockton; Second Orient Addition to the town of Fort Stockton, all of which Additions were subdivided into Blocks and Lots and each Block and Lot subdivided and marked on the ground and plat of same, filed and recorded in Pecos County, Texas."

The lands involved in the suit and delinquent, and not owned by Olney A. Slater are described in the agreed statement as follows:

"Part of lot 6, Block 20, Old Fort Stockton Addition, in Fort Stockton, Pecos County, Texas; All lots described in the petition as being in the Government Fort Addition to the town of Fort Stockton, Texas; All lots being in the town site of Owego and Baldridge, Pecos County, Texas."

The agreed statement, in addition to the above, contains a schedule of all the real estate involved in the suit, all delinquent for taxes, shown by an inventory of the lands as rendered for taxes by the then owner of the lands, Quinby Oil Company, describing the lands by the abstract, certificate, and survey numbers, number of acres, and the separate value of each, also giving the several tract numbers where the sections and blocks have been subdivided in the Irrigated Land Company's land; and, where the lands are situated in the town of Ft. Stockton and in the above-stated several additions thereof, and in Owego and Baldridge, the several blocks and lots are each stated severally, all of which additions were subdivided into blocks and lots and each marked on the ground, and a plat of same filed and recorded, and in the rendition the value of each, as rendered for taxation, the schedule or exhibit of such rendition covering several pages of the agreed statement. We think we need not copy the exhibit here.

It was agreed "that the total amount of State, County and Road and Special taxes, penalties and interest on the lands belonging to the defendant, Olney A. Slater, and covered by this suit, is the sum of Three Hundred Eighty-three and 98/100 ($383.98) Dollars, which sum has been tendered by the defendant to the tax collector, together with the sum of Forty-two ($42.00) Dollars additional as costs after suit was filed and court in session, which tender has been refused by the said tax collector."

The case was tried without a jury. The court entered judgment that the state recover of defendant Quinby Oil Company the sum of $318.03, taxes, etc., on the property owned by it, and from the Quinby Oil Company and Olney A. Slater the sum of $895.49, the aggregate amount of delinquent taxes due by them with the penalty of 10 per cent. thereto added, costs, and interest thereon, at the rate of 6 per cent. per annum from date of the judgment until paid, and costs of suit. The judgment ordered a foreclosure of the state's lien on the lands involved in the suit. The judgment gave directions as to the sale of the lands on foreclosure and as to the application of the proceeds, which we need not note.

Slater and the state each noted an exception to the judgment and gave notice of appeal. Slater prosecutes this appeal.

## Opinion.

Appellant states that the facts are undisputed, and that the only issue between the parties is the amount of fees chargeable.

Appellant submits four propositions. They are substantially to the effect: That a county attorney in a suit for delinquent taxes is entitled to receive a fee of $5 for the first tract in any one suit and $1 for each additional tract involved in the same suit, and, where one suit is filed for the collection of delinquent taxes on parcels of land which are unimproved and wholly contained in five separate surveys and four additions to a town, the county attorney is entitled to collect fees on nine and only nine tracts of land. That the collector of taxes in such suit is entitled to $1 for each correct assessment of land to be sold for such delinquent taxes, and in this suit his fees would be for nine separate assessments. That the county clerk is entitled to a fee of $1 for making out and recording the data (date) of each delinquent assessment and for certifying same in the minutes of the commissioner's court, and for all other services rendered in such suit, and $1 to be taxed as costs. The fourth proposition submits that the assessment for taxes is excessive and void because unconstitutional.

■ In brief, it is insisted that the fees of the county attorney, tax collector, and county clerk, depend solely upon the number of "tracts" involved in the suit, and that, in order to ascertain the compensation chargeable, it is necessary only to determine the meaning of the term "tract" as applied in delinquent tax suits, and to ascertain the number of tracts involved in the suit.

It is true, as insisted by appellant, that the fees of the county attorney and the collector of taxes are determined by the number of "tracts" of land involved in the suit for delinquent taxes, and that the number of "tracts" in the suit depends upon the construction to be given the amendment of former article 7691 by chapter 21, General Laws, as passed by the Third Called Session of the Thirty-Eighth Legislature, page 180, and carried into the last Revised Civil Statutes, as article 7334. That article, as amended, reads:

"'Tract.'—The term 'tract' shall mean all lands or lots in any survey, addition or subdivision or part thereof owned by the party being sued for delinquent taxes."

Now, if the terms "survey" and "addition" as used in the above article are each to be taken collectively as constituting the unit of division of the land in determining the number of tracts to be counted in fixing the fees of the county attorney and the tax collector, then the contention of the appellant must be sustained, since all the acreage owned by appellant, Slater, lies within the five surveys above mentioned and constitute five separate

876

"tracts," and the lots, regardless of number, and regardless of the separate rendition and assessment as to value, situated in the Rule addition, constitute one "tract"; likewise all the lots in each of the three other additions constitute a "tract"—thus making in all nine "tracts" chargeable with the statutory fees in this suit for delinquent taxes. In the event the above construction is to be given to article 7334, the tax collector is entitled to $9, being $1 for each "correct assessment, of the land to be sold," and the county attorney, being entitled to $5 for the first "tract" and $1 each for the eight additional "tracts," could receive a total of $13, and the county clerk could receive $1 for all services, and the district clerk $1.50, as his costs.

On the other hand, should it be considered that each separate parcel of land into which the owner has divided and subdivided his surveys and additions, as into blocks and lots, and so rendered same for taxation, constitutes a "tract" within the meaning of the statute, and the fees of collector, county attorney, and county clerk are to be fixed according to such construction of the statute, in that event the case must be affirmed.

While cases involving the construction of previous legislation on somewhat similar condition of facts are found, the exact point presented has never come before an appellate court since the term "tract" has been defined, so far as we have found, and so far as the attorneys representing the respective parties to the suit have found. The only discussion bearing upon the point presented is found in the Biennial Report of the Attorney General of this state, of date June 15, 1927, page 236, in which the Honorable H. Grady Chandler, Assistant Attorney General, advises the Honorable H. L. Faulk, county attorney, Brownsville, Tex., as to the construction placed upon article 7334 by that department, in a suit for delinquent taxes, and involving thirty separate town lots in the same addition with separate valuations for each lot, the lots situated in three several blocks, sixteen in one block, thirteen in one block and one in another block, and in which it is said in conclusion of the opinion:

"You are advised, therefore, that it is the opinion of this department, under the provisions of Article 7334, the term 'tract' as defined therein does not mean that all lots in any addition are considered as one tract, but that said provision is only a definition of the term 'tract' and has, as part of its purpose, to provide that a city lot as well as acreage property, is considered as a tract. Therefore, in the case mentioned by you, since there are thirty separate city lots, each with a separate valuation, you are entitled to receive a fee on the basis of thirty tracts."

This suit is a statutory proceeding, and the courts of the state have adopted the rule construing strictly those statutes prescribing fees for public officers, and against permitting such fees by implication. No officer is permitted to collect fees or commissions unless the same are expressly provided for and the amount thereof declared by law. McCalla v. City of Rockdale, 112 Tex. 209, 246 S. W. 654; McLennan County v. Boggess, 104 Tex. 311, 137 S. W. 346; Knight v. Harper (Tex. Civ. App.) 279 S. W. 589.

The statute here does specifically and definitely prescribe the fees to be charged by the several officers, and the only doubtful feature is as to the unit of calculation by which the number of tracts is to be fixed.

In Raht v. State, 48 Tex. Civ. App. 106, 106 S. W. 900, where two or more unimproved town lots belonging to the same person and situated in the same town are included in the same suit for taxes, it was held that the costs should be taxed against the lots collectively as if they were one tract. To the same effect is Typer & Knudson v. Tom, 62 Tex. Civ. App. 288, 132 S. W. 850, in a suit brought by taxpayers for a refund of excessive fees paid. Where delinquent taxes were owing on several unimproved lots, situated in the same town, by the same person, and owned by the same person, it was said the lots should be grouped into one group and the costs taxed against them collectively, "thus limiting each officer performing a service mentioned in the statute * * * quoted to one charge for the entire group."

In Houston Oil Co. of Texas v. State (Tex. Civ. App.) 141 S. W. 805, Judge Pleasants discusses the fees to be allowed the collector and county clerk in delinquent tax suits under article 5232i, R. C. S. 1897, holding that such officers are each entitled to a fee of $1 for each correct assessment of each tract assessed, though the delinquent taxpayer has several tracts in one rendition.

The Legislature had not at that time defined the term "tract," and we do not consider that case in conflict with other cases herein referred to. Here the Legislature has said, as we understand it, that all lands in any survey—that is, the whole quantity—all lots in any survey, all lands or lots in any addition or subdivision or part of any addition, means, signifies, is comprehended, in the term "tract," where the survey or addition is owned by the one party sued for the delinquent taxes. Where the Legislature has defined the term "tract" in fixing the fees of public officers in delinquent tax suits, the courts are powerless to give any construction to the language used other than that ordinarily used in the definition given. As we view it, the definition of the term "tract" as given by the Legislature is in harmony with the holdings of the courts in the interpretation of the several uses of the term "tract" in the various articles of the statute, and we could not reasonably suppose that the Legislature intended a different meaning.

No question is made but that the amount of the taxes due as expressed in the judgment is the correct amount.

As to the amount of the fees due the several officers mentioned, the judgment is reformed so as to conform to the opinion herein expressed.