## STATE v. FROST et al. (No. 8197.)

Court of Civil Appeals of Texas. San Antonio. April 10, 1929.

Grady Lowrey, of Del Rio, for the State.
Jones & Lyles, of Del Rio, for appellees.

FLY, C. J. This suit was instituted by appellant through the county attorney of Val Verde county to collect delinquent taxes due on 74 lots of land in the city of Del Rio, for the years 1926 and 1927, together with the penalties and costs.

While the suit was pending appellees admitted the taxes were due and unpaid, and paid into the register of the court a sum sufficient to cover the full amount of the taxes, penalties, and all costs, except the sum of $73 demanded by the county attorney in addition to $5, which was paid by appellees, and $146 in addition to $2 for the collector of taxes, which was paid by appellees. The court recited in the judgment that appellees were justly indebted for the taxes in the sum of $76.09, for the years 1926 and 1927, and for the interest and penalties accruing thereon. It was also decreed that the lots constituted but one tract, and that there was but one assessment for the tract for each of the years named, and that the county attorney was entitled to but one fee, and the collector to $2, one for each assessment. The judgment found that all the taxes and penalties and costs due had been paid into the court by appellees, and it was ordered that appellant take nothing by its suit, and that the tax lien be cancelled.

This appeal was perfected and the agreement made that the only issues were whether the county attorney was entitled to $5 only, or to $5 for the first lot and $1 for each of the remaining lots, on the theory that the 74 lots constitute only one tract, as defined in article 7334 Revised Statutes of 1925; and whether the tax collector was entitled to more than $1 for each assessment; and also whether the county attorney is entitled to $5 for the first block and $1 for each of the other seven blocks, and the collector entitled to $1 for each of the eight blocks.

In article 7332, Rev. Stats. 1925, in regard to fees for the county or district attorney, it is provided: "In all cases the compensation for said attorney shall be five dollars for the first tract in one suit, and one dollar for each additional tract involved in the same suit." In article 7331, the fees of the tax collector in suits for delinquent taxes are fixed at $1 for each correct assessment of land to be sold, the fees to be taxed as costs against the delinquent.

It is clear that the fees of the district or county attorney must be measured by the tracts of land on which the taxes are delinquent, and it becomes important to understand the meaning of the word "tract" as used in the statute. The Legislature has by its definition of the word left no room for doubt as to the meaning of the word as used in article 7332, for in article 7334 it is provided: "The term 'tract' shall mean all lands or lots in any survey, addition or subdivision or part thereof owned by the party being sued for delinquent taxes." That definition is clear and unambiguous. It doubtless had in view similar cases to the one we are considering. The punishment inflicted on the recalcitrant taxpayer was given in the way of rather high penalties, and it was not intended that those penalties should be heavily increased by burdensome costs. So it was enacted in chapter 103, sec. 9, Acts of 1897, "that where two or more unimproved city or town lots belonging to the same person and situated in the same city or town shall all be included in the same suit and costs, except those of advertising, which shall be twenty-five cents for every ten lots, or any number less than ten, taxed against them collectively just as if they were one tract or lot." That law was construed in Raht v. State of Texas, 48 Tex. Civ. App. 106, 106 S. W. 900, and it was held: "The fact that these lots had been separately assessed in the name of 'unknown owner' can make no difference, since the proviso requires—all being included in the same suit —the costs to be taxed on the basis of their being one tract or lot."

In the several revisions of our statutes since the law of 1897 was enacted, it has been lost or transformed into an enactment nearer suiting the literary tastes of revisers or different Legislatures, until it ripened into the law of 1923, now known and designated at article 7334. It follows that, although the unimproved lots of a citizen lying contiguous to each other in an addition to, or subdivision of, a city should be assessed as one tract, but, if not, only one fee can be recovered by the county attorney in a suit in which the suit is for the taxes due on all the lots.

The lots in question are described as being in North Del Rio in the Third railroad division, and would come clearly within the definition of a tract as given in article 7334. The lots of appellees are in a "survey, addition or subdivision" all owned by them and unimproved, and lying contiguous to each other. Appellant recognizes the plain purport of the statute, but attacks the definition of the term "tract" as given by the Legislature. It does not matter, however, what

the word may mean in common parlance or how it is customarily used, nor can we sit in judgment on the legislative definition, nor entertain the proposition of appellant that "the Legislature has applied a definition of the term which we do not find in the dictionary." For the purposes of taxation in Texas the legislative definition of "tract" will take precedence over Webster's Unabridged, the International, or any other dictionary. However, the Legislature is not open to the criticisms made by appellant, as Webster says tract is "an expanse, an area large or small," and whose boundaries are not fixed. It was not unreasonable for the Legislature to define the term "tract" in connection with taxation. It was done for the protection of the delinquent taxpayer who is not always a criminal, but is often merely unfortunate.

The assessor's inventory shows that the blocks and lots were practically of the same value, and were all included in one body in the same division in an addition to the city of Del Rio, that is North Del Rio, and there was no necessity for more than one assessment for the whole tract in any one year. Under the plain terms of article 7334 the lots constituted but one tract, and it must be presumed that the assessor of taxes followed that law in making his assessment, and, if he did not, then there was "no correct assessment" of the land on which to base costs for the collector. The court recited in the judgment that the lots were assessed as one tract.

Believing the judgment of the court is supported by the law, it is affirmed.